**NOT FOR PUBLICATION**                                             **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                                      :
LORENZO ROSS,
                                                      :        **Civil Action No. 13-4058 (SRC)**
                 Petitioner,
                                                      :
          v.
                                                      :        **MEMORANDUM OPINION**
ANGEL L. SANTIAGO,
                                                      :
                 Respondent.
_____:

**CHESLER**, District Judge

On May 24, 1999, Petitioner pled guilty to charges that included kidnapping, aggravated

sexual assault, and attempted armed robbery.  See State v. Ross, 2007 WL 2460201, at *1 (N.J.

Super. Ct. App. Div. 2007).  He was sentenced on January 30, 2000 to an aggregate thirty-year

sentence.  Id.  Petitioner appealed his sentence on August 30, 2002, and that appeal was

dismissed by an order entered on February 28, 2003.   No direct appellate filings followed.

Petitioner filed his first post-conviction relief ("PCR") application on March 20, 2003.

See ECF No. 11-7, at 4.  That appeal was initially denied by an order dated April 24, 2003, but

that order was subsequently vacated on August 25, 2003, upon appointment of counsel to

represent Petitioner in connection with his PCR petition.  This first PCR petition was dismissed

on the merits on April 15, 2005, and the Appellate Division affirmed on August 30, 2007.  See

id. at *5.

The Supreme Court of New Jersey denied certification on December 6, 2007.  See State

v. Ross, 193 N.J. 276 (2007).  Petitioner did not seek certiorari from the United States Supreme

Court.

On an unspecified date in January 2009, Petitioner executed a "Motion to Correct Illegal Sentence or to Withdraw Guilty Plea," which he then filed in state court.  See ECF No. 14-6, at 3.  On August 7, 2010, he filed a brief indicating that the Motion was meant to be his second PCR application.  See ECF No. 16-1, at 1 and 37.  This second PCR application was denied by the Law Division, and he appealed.  After the Appellate Division affirmed, the Supreme Court of New Jersey denied certification on March 27, 2013.  See State v. Ross, 213 N.J. 390 (2013); see also ECF No. 1-1, at 21 to 33.  On June 17, 2013, Petitioner executed the Petition at bar.  See ECF No. 1, at 15.[1]

Enacted on April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, tit. I, §101 ("AEDPA"), provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The period starts to run from "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes "final" under § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).  Since under New Jersey Court Rule 2:4-1(a) the time for filing a notice of appeal is forty five days, and Petitioner did not seek certification as to his direct appellate challenges, his conviction became final on April 13, 2003, i.e., forty five days after the order dismissing his direct appeal was entered.

Granting that Petitioner's first PCR application was executed on March 20, 2003, this Court presumes without making a factual finding that Petitioner handed his first PCR application to his prison officials on that date.  Cf. Jenkins v. Superintendent of Laurel Highlands, 705 F.3d

---

[1]  This Court advised Petitioner of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and directed Respondent's answer.  See ECF Nos. 3 and 5.  The answer raised substantive challenges and challenges based on, *inter alia*, failure to exhaust, procedural default, and untimeliness.  See ECF Nos. 13 to 18.

80, 84 n.2 (2013) (prisoners' mailbox rule).  Since that first PCR application was eventually dismissed on the merits, this Court also presumes without making a factual finding that this application was properly pending throughout the entire first PCR process, and that Petitioner's AEDPA period was statutorily tolled until the Supreme Court of New Jersey denied certification on December 6, 2007.[2]  Accord Evans v. Chavis, 546 U.S. 189 (2006); Artuz v. Bennett, 531 U.S. 4 (2000).  At that point, Petitioner's one-year AEDPA period was triggered, and the period expired on December 5, 2008.

As noted, Petitioner's second PCR application was executed on an unspecified date in January 2009.  While this Court has no information as to the exact date, and it appears that this second PCR application was not perfected under the state rules, this Court reads the Petition liberally and presumes without making a factual finding that the second PCR application might have been pending from January 1, 2009, until March 27, 2013.[3]  However, even this generous presumption would not salvage the Petition since Petitioner's AEDPA period expired prior to January 2009.  Thus, unless the Petition qualifies for equitable tolling, it is subject to dismissal.

The AEDPA limitations period is amenable to equitable tolling.  See Holland v. Florida, 560 U.S. 631 (2010), Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).  However, "a litigant seeking equitable tolling [must] establish[ ] two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  Thus, unlike under state law, a litigant's

---

[2]  But see Jenkins, 705 F.3d at 86-88 and nn.6 and 8 (stating that a prisoner is not entitled to statutory tolling from the date when, under state law, the prisoner's time to appeal denial of his PCR (or to seek certification of its affirmance) expires until when an application to file such an appeal nunc pro tunc (or to seek certification nunc pro tunc) is granted); see also Douglas v. Horn, 359 F.3d 257, 261-62 (3d Cir. 2004).

[3]  But see Jenkins, 705 F.3d at 88, n. 11 ("[W]e note that [the inmate's PCR submission] was not properly filed . . . until he perfected it").

excusable neglect cannot trigger federal equitable tolling.[4]  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Rather, such tolling is allowed when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 560 U.S. at 649 (relying on Pace, 544 U.S. at 418). [5]

Under this standard, the Petition does not appear to qualify for equitable tolling. Petitioner was aware of the relevant deadlines and the one-year AEDPA period.  He was within his AEDPA period for a whole year after he completed his first PCR process, and he could have filed a § 2254 petition during that year.  Had he needed more time, he could have filed a "protective" petition, as suggested in Pace, 544 U.S. at 416, which would have brought him within the AEDPA limitations period.  Moreover, after filing a "protective" petition, he could have taken advantage of Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), which grants petitioners the option of withdrawing such a petition and filing an all-inclusive application in its place.

---

[4]  While a "garden variety claim of excusable neglect" is not an extraordinary circumstance warranting equitable tolling, Holland, 560 U.S. at 651 (citations omitted), extraordinary circumstances have been found where: (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in a wrong forum, see Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999), or (d) the court itself has misled the petitioner regarding the steps he needed to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

[5]  Even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence . . . after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Instead,

> [h]e elected to do nothing. . . . [H]e elected to sit on his rights . . . . [I]n light of
> Petitioner's blatant disregard for the consequences of his . . . laxness, this Court is
> constrained to deny him equitable tolling. . . . Finding otherwise would make a mockery
> of those litigants who . . . go through the very same state court process and yet meet their
> deadlines . . . to ensure . . . substantive federal habeas review.

Webster v. Ricci, 2013 U.S. Dist. LEXIS 88945, at *45-46 (D.N.J. June 25, 2013), aff'd, 2013

U.S. App. LEXIS 25719, at *1.[6]

Thus, the Court will dismiss the Petition as untimely.[7] However, mindful of Petitioner's

pro se status and the guidance provided in United States v. Bendolph, 409 F.3d 155, 169 (3d Cir.

2005) (en banc), the Court will retain jurisdiction to allow Petitioner an opportunity to state his

grounds, if any, warranting equitable tolling. An appropriate Order shall be filed herewith.

___/s/_____
**STANLEY R. CHESLER**
United States District Judge

Dated: March 11, 2014

---

[6] While Petitioner's AEDPA period expired by the time the New Jersey Supreme Court denied
certification as to his second PCR, the almost-three-month gap between that denial and
Petitioner's filing of the Petition is telling. Had Petitioner been confused as to limitations period,
he could have filed the Petition right upon the denial of certification.

[7] In conjunction with this dismissal, this Court is obligated to determine whether a certificate of
appealability ("COA") shall issue. "When the district court denies a habeas petition on
procedural grounds without reaching the prisoner's underlying constitutional claim, a COA
should issue when the prisoner shows, at least, that jurists of reason would find it debatable
whether the petition states a valid claim of the denial of a constitutional right and that jurists of
reason would find it debatable whether the district court was correct in its procedural ruling."
Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable
that this Court was correct in its finding that the Petition is untimely. Accordingly, no COA will
issue.

5